Rober Mitchell v. BNSF Railway Co.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-356-CV

ROBERT MITCHELL APPELLANT

V.

THE BURLINGTON NORTHERN AND APPELLEE

SANTA FE RAILWAY COMPANY

------------

FROM THE 342ND DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

The trial court granted a summary judgment for Burlington Northern and Santa Fe Railway Company (BNSF) and against Robert Mitchell on personal injury claims under the Federal Employers’ Liability Act (FELA).  Because the summary judgment record before us contains no evidence raising a genuine issue of material fact on the issue of causation, we will affirm the trial court’s summary judgment.

Mitchell filed suit against BNSF on May 16, 2002. 
 Mitchell alleged that he suffered cumulative trauma by use of various machines, machinery, tools, and equipment during his employment with BNSF. 
 Mitchell further alleged that the cumulative trauma resulted in carpal tunnel syndrome and back injuries. 
Thereafter, BNSF filed a no-evidence motion for summary judgment on the issue of causation and a traditional motion for summary judgment on statute of limitations grounds.  After a hearing, the trial court granted BNSF’s motion.
 After an adequate time for discovery, the party without the burden of proof may, without presenting evidence, move for summary judgment on the ground that there is no evidence to support an essential element of the nonmovant's claim or defense.  
Tex. R. Civ. P.
 166a(i).  The motion must specifically state the elements for which there is no evidence.  
Id.; Johnson v. Brewer & Pritchard, P.C., 
73 S.W.3d 193, 207 (Tex. 2002).  The trial court must grant the motion unless the nonmovant produces summary judgment evidence that raises a genuine issue of material fact.  
See
 
Tex. R. Civ. P.
 166a(i) & cmt.; 
S.W. Elec. Power Co. v. Grant, 
73 S.W.3d 211, 215 (Tex. 2002). We review the evidence in the light most favorable to the party against whom the no-evidence summary judgment was rendered.  
Johnson
, 73 S.W.3d at 197; 
Morgan v. Anthony
, 27 S.W.3d 928, 929 (Tex. 2000).  If the nonmovant brings forward more than a scintilla of probative evidence that raises a genuine issue of material fact, then a no-evidence summary judgment is not proper.  
Moore v. K Mart Corp.
, 981 S.W.2d 266, 269 (Tex. App.—San Antonio 1998, pet. denied). 

Mitchell contends in his sole issue that the trial court improperly granted BNSF’s motion for summary judgment.  BNSF responds that the trial court correctly granted summary judgment either because no evidence of causation exists or because BNSF conclusively established that Mitchell’s FELA claim is time-barred.
(footnote: 2) 

The record before us contains no summary judgment evidence submitted by Mitchell.
(footnote: 3)  Instead, Mitchell argues that the summary judgment evidence submitted by BNSF raises a genuine issue of material fact on whether BNSF’s negligence during Mitchell’s employment with BNSF caused his alleged injuries. Reviewing the summary judgment evidence produced by BNSF in 
the light most favorable to Mitchell, no evidence exists on the causation element of Mitchell’s claim against BNSF.  Accordingly, because less than a scintilla of probative evidence exists raising a genuine issue of material fact on the causation element of Mitchell’s claim, the trial court did not err by granting summary judgment for BNSF.  We overrule Mitchell’s sole issue and affirm the trial court’s summary judgment.

SUE WALKER

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and WALKER, JJ.

DELIVERED: May 20, 2004

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
Because we affirm the trial court’s no-evidence summary judgment, we need not address whether summary judgment was also proper on the ground that Mitchell’s FELA claim is time-barred.  
See
 
Tex. R. App. P.
 47.1 (stating opinion need only address every issue necessary to final disposition of the appeal).

3:
In its appellee’s brief BNSF pointed out that the record contained no summary judgment evidence submitted by Mitchell.  However, no party supplemented the record.  
Tex. R. App. P.
 34.5(c).  Likewise, although during oral argument the court asked what it should do about the lack of summary judgment evidence in the record, no party indicated that the record should be supplemented.  Although the burden now rests with the appellate court to ensure the clerk’s record is timely filed, an appellant maintains the responsibility for requesting a complete record. 
See 
Tex. R. App. P. 
34.5(a), (b).